IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2009

Charles R. Fulbruge III
Clerk

No. 07-20785

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

WESLEY ALFORD BOYD, JR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CR-120-5

Before JONES, Chief Judge, and WIENER and STEWART, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Wesley Alford Boyd, Jr., was convicted of one conspiracy charge, two charges of violating the anti-kickback statute, and one charge of committing healthcare fraud. This court reversed Boyd's conviction for healthcare fraud and remanded for resentencing. *United States v. Jackson & Boyd*, 220 F. App'x 317, 333 (2007) (unpublished). On remand, the district court sentenced Boyd to serve a total of 78 months in prison and pay restitution of $527,039. Boyd challenges his sentence on two grounds.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First, he argues that the district court used unreasonable methods of loss calculation both in determining the appropriate Guidelines offense level and in calculating the restitution he owed. We decline to consider these claims. The same methods were used at both his first and second sentencing proceedings. Boyd could have challenged these loss calculation methods in his first appeal, but he did not. He has therefore waived both of these loss calculation issues. *See United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 211 (2008).

Boyd's reliance on *United States v. Matthews*, 312 F.3d 652, 659 (5th Cir. 2002), for a contrary result is misplaced. It is true that, as in *Matthews*, Boyd obtained a reversal of one of his convictions, and he was resentenced for a *different* crime using a different Guideline than in his first sentencing. But, unlike in *Matthews*, Boyd was sentenced for no *new* crime. In *Matthews*, the defendant was convicted of a new crime — simple carjacking — after we reversed his conviction for carjacking resulting in serious bodily injury and remanded for entry of conviction on the lesser included offense. The defendant had never been sentenced for simple carjacking. In contrast, Boyd's first sentencing addressed all of the crimes at issue in his second sentencing; the Guidelines simply directed that a different conviction controlled the recommended length.

That formal difference, which was sufficient but not necessary to reopen all sentencing issues in *Matthews*, does not end our inquiry however. If Boyd had no reason or incentive to raise the computation issue from his resentencing in his first appeal, the issue is not waived. We note that the money laundering Guideline under which Boyd was resentenced looks through to the source of the funds (here, Boyd's "healthcare fraud"), so the district court was required to perform exactly the same calculation as it had during Boyd's first sentencing. Boyd therefore had every incentive to challenge the method of computation then, but he did not.

Second, Boyd argues for the first time in this appeal that the district court used the wrong version of the Sentencing Guidelines to calculate his sentence. He claims that his involvement in the conspiracy ended in 1998 and that, consequently, the district court should have used the 1998 Guidelines to calculate his sentence, which would have resulted in a lower offense level. As Boyd did not raise this issue before the district court, we review for plain error. *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005). We will not correct an error the defendant failed to raise in the district court unless there is "'(1) error, (2) that is plain, and (3) that affects substantial rights.'" *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)). "'If all three conditions are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* We address only the second element of the test, whether the error was plain.

After *Booker*, it is not clear that an ex post facto violation occurs when a district court sentences a defendant under the incorrect version of the now-advisory guidelines. *United States v. Rodarte-Vasquez*, 488 F.3d 316, 325 (5th Cir. 2007) (Jones, C.J., concurring). If such an ex post facto problem exists, Boyd's sentence might have been improperly calculated under U.S.S.G. § 1B1.11 or imposed in contravention of the Constitution. Even if we accept that Boyd has sufficiently demonstrated that all of the criminal conduct for which he was convicted occurred prior to the 2001 revision of the Guidelines, the doubt we have previously expressed about the continued viability of an ex post facto challenge in this context renders any error not obvious — at least not today. The Seventh Circuit's holding that the ex post facto concerns which courts had with using newer, harsher versions of the Guidelines when the Guidelines were mandatory no longer obtain post-*Booker*, *see United States v. Demaree*, 459 F.3d 791, 794-95 (7th Cir. 2006) (Posner, J.), only strengthens the conclusion that any

error was not obvious, even though we do not decide today whether we agree with that approach.

The judgment of the district court is AFFIRMED.